In the Matter of JOSEPH ALI, Doing Business as THE SPOT, Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.—

No opinion.

Rabin, Hopkins and Martuscello, JJ., concur; Christ, P. J., and Munder, J., dissent and vote to annul the determination, with the following memorandum: Petitioner was issued a special on-premises liquor license by respondent on June 6, 1966. In connection therewith petitioner had been informed by respondent that the approval of his application and the issuance of the license was subject to his "submitting a signed statement, in duplicate, that he has resigned his stevedore position and will devote full time to the premises." In response, petitioner submitted an affidavit which stated in pertinent part that he was "presently employed as a stevedore and has this date notified his employer that he will take a leave of absence" and that he (petitioner) intended "to spend his full time" in the premises. Thereafter, the license was renewed annually four times. Shortly before the fourth renewal, respondent instituted revocation proceedings on January 6, 1970 on the grounds that petitioner had failed to comply with the conditions upon which the license was issued and/or renewed, namely (1) that he resign from his stevedore position and (2) devote full time to the premises, and also on the ground that he had made false material statements regarding these two items in his original application. Following a hearing, respondent adopted the findings sustaining these charges and by order dated April 24, 1970, canceled petitioner's license, effective May 1, 1970. We vote to annul the cancellation because the alleged violations upon which it was based, namely, the failure to resign and devote full time to the premises and the alleged false statements in the application, occurred in June, 1966 and the proceeding to cancel was not commenced until almost four years later. These were *not* continuing violations; nor were they such as to render the license void *ab initio* (see *Matter of Vilabar Cafe* v. *State Liq. Auth.*, 19 N Y 2d 186, 191). Accordingly, respondent was required to institute any proceeding based thereon in the immediately following license period (Alcoholic Beverage Control Law, § 118). It was precluded from taking the action at bar because the one-year period of limitation contained in the statute under which it purported to act had expired (see, also, *Matter of Hacker* v. *State Liq. Auth.*, 19 N Y 2d 177, 182). Respondent is not to be precluded from specifically conditioning any future renewal of petitioner's license, if it be so advised, upon his severance from

all other employment and devotion of full time to the premises in question here. However, its failure to enforce its prescribed conditions within the period from June, 1967 to June, 1968 barred the making of the determination presently before us.